IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | 2:11-CR-344-1 |
| | § | (2:14-CV-73) |
| NORBIEL IZQUIERDO, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT JUDGMENT AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Norbiel Izquierdo's (Izquierdo) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 135. The government responded to the motion, Izquierdo filed a traverse, and defense counsel at trial and on appeal filed affidavits pursuant to this Court's order. D.E. 143, 149, 154, 157. For the reasons discussed, the Court denies Izquierdo's motion to vacate, set-aside or correct sentence and denies him a certificate of appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. PROCEDURAL HISTORY

This is a checkpoint case. Izquierdo was stopped at the Border Patrol Checkpoint south of Falfurrias on U.S. 281 on March 10, 2011, when a drug canine alerted to the cab of his truck. Izquierdo gave consent to an x-ray of the cab. The x-rays revealed anomalies in the cab fenders. Agents searched the cab and found 34 bundles of marijuana concealed in the headliner of the cab. The marijuana weighed 47.9 kilograms (gross). D.E. 1. Izquierdo was

arrested and refused to speak to agents. *Id*. His passenger, Yosbel Rodriguez, denied knowledge of the marijuana. *Id*. Agents from Homeland Security arrived and Rodriguez agreed to speak to them after he waived his *Miranda* rights. He stated he had been driving with Izquierdo for approximately two months. Agents searched the co-defendant's cell phone incident to his arrest. They discovered photographs dated March 3, 2011, of bundles that appeared to be marijuana in his phone. The next photos in the series were of the tractor trailer the two were operating the day of their arrest and of a locomotive engine loaded on the trailer. *Id*.

Izquierdo made his initial appearance in federal court the day after his arrest and was appointed counsel. D.E. 2. Preliminary examination was held the following week and Izquierdo was granted bond. D.E. 8, 9.

Izquierdo and his passenger were indicted in April 2011 for conspiracy to possess with intent to distribute less than 50 kilograms of marijuana (45.6 kilograms), and for possession with intent to distribute the same quantity of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(D). D.E. 14. Izquierdo was arraigned a week later. Izquierdo challenged the search of the cell phone by motion to suppress. D.E. 29. After an evidentiary hearing, the Court denied the motion. D.E. 55.

Trial began July 5, 2011, and concluded on July 7, 2011. The jury found Izquierdo and his passenger guilty on both counts. D.E. 45. The Court ordered a Presentence Investigation Report (PSR).

The Probation Department calculated Izquierdo's base offense level based upon the quantity of marijuana seized and the quantity of marijuana documented from the week before

by Izquierdo's passenger's cell phone photograph. D.E. 49, ¶ 14. Izquierdo's base offense level was 24 with no enhancements and no credits. He had no criminal history. His guideline range was 51 to 63 months imprisonment. *Id.*, ¶ 40. The Court sentenced Izquierdo at the bottom of the guidelines to 51 months, 3 years supervised release, no fine on each count to run concurrently and also imposed a $100 special assessment for each count. D.E. 97, pp. 11-12. The Court also advised him of his right to appeal. *Id.*, p. 12. Izquierdo appealed. The Fifth Circuit Court of Appeals affirmed. *United States v. Rodriguez*, 702 F.3d 206 (5th Cir. 2012). Izquierdo filed the present motion.

### III. MOVANT'S ALLEGATIONS

Izquierdo raises multiple issues, 1) his sentence and conviction were imposed in violation of the Constitution or laws of the United States; 2) his sentence is open to collateral attack on multiple listed grounds; 3) Count One should be reversed for the lack of proof of an agreement and participation for the underlying offense of conspiracy; and 4) the errors complained of are inconsistent with the rudimentary demands of fair procedure. Izquierdo requests an evidentiary hearing.

As part of Izquierdo's second issue he raises claims of ineffective assistance of counsel based upon counsel's alleged failure to, 1) request a jury charge that more accurately described the requirement for conviction on conspiracy, 2) object to the March 3rd element during trial that was included in the jury charge and 3) raise non-frivolous issues on appeal that were requested by Izquierdo. Additionally, Izquierdo complains that the jury charge omitted the required element of conspiracy, included an element of an offense not presented to the grand jury and the drug amount was improperly calculated for sentencing purposes.

## IV. ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.     Standard for Claims of Ineffective Assistance of Counsel**

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment.

4

*Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

"The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir.1998)). Counsel's appellate performance is judged under the same *Strickland*, standard applicable to trial performance. 466 U.S. 668 (1984). "When a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, 'the prejudice prong first requires a showing that [the Fifth Circuit] would have afforded relief on appeal.'" *United States v. Reinhart*, 357 F.3d 521, 530 (5th Cir. 2004) (quoting *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000)).

## C.     **Complaints Regarding the Jury Charge**

Izquierdo complains of several portions of the jury charge, including counsel's failure to request a more appropriate charge.

1. *Conspiracy*

Izquierdo alleges that counsel failed to request a jury charge that "more accurately described the requirement for a conviction on conspiracy." D.E. 135, p. 5. He also claims that "the jury charge did not contain [] the required element of conspiracy . . . ." *Id.* The jury instructions regarding conspiracy were from the 2012 Fifth Circuit Pattern Jury Instructions, § 289.[1] Although Izquierdo claims that counsel should have requested a charge that more

---

[1]

**COUNT ONE**

**Title 21, United States Code, Section 846**, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substance laws of the United States. In this case, the defendants are charged with conspiring to possess with intent to distribute a controlled substance.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*   That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a controlled substance;

*Second:*  That the defendant knew of the unlawful purpose of the agreement;

*Third:*   That the defendant joined in the agreement willfully,

6

accurately described a conspiracy, he does not state what that charge would have said or how it would improve on the instruction the jury was given. The jury instructions given required the jury to find all of the elements of conspiracy beyond a reasonable doubt. The Court finds

---

that is, with the intent to further its unlawful purpose; and

*Fourth:* That the overall scope or the conspiracy involved approximately forty five and six-tenths (45.6) kilograms of marijuana.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.

Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

D.E. 41, pp. 8-10.

Izquierdo has not met his burden to demonstrate prejudice from counsel's alleged failure. No ineffective assistance is shown.

    2. *Counsel's failure to object to the March 3rd element in the jury charge*

Izquierdo complains that the jury charge included information regarding the marijuana he was allegedly involved with on March 3, 2011. But, the jury charge included no language referencing March 3, 2011. D.E. 41. The Verdict Form similarly does not mention March 3, 2011, but references the Indictment which states March 10, 2011, as the date on which the defendants possessed with intent to distribute the controlled substance at issue. D.E. 45. Izquierdo's complaint is not supported by the record. No ineffective assistance is shown.

    3. *Counsel's failure to ensure the presumption of innocence was included in the jury charge*

Izquierdo alleges that counsel failed to ensure the jury charge included an instruction on presumption of innocence. D.E. 135, p. 7-8. The record contradicts Izquierdo's claim. The jury charge instructed the jury on the burden of proof, including the presumption of innocence,

> The indictment or formal charge against a defendant is not evidence of guilt. *Indeed, each defendant is presumed by law to be innocent*. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving  each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

D.E. 41, p. 2 (emphasis added).

No ineffective assistance of counsel is shown.

**D. Claims of Ineffective Assistance of Counsel**

In addition to Izquierdo's claims of ineffective assistance that relate to the jury charge, he also complains of counsel's failures in other respects.

1. *Counsel was ineffective on appeal*

Izquierdo claims that counsel failed to raise issues on appeal that Izquierdo wanted him to raise and his failure to do constituted ineffective assistance. D.E. 135, p. As part of his claim, Izquierdo attached a letter he wrote to appellate counsel before his opening brief was filed. D.E. 135, p. 21-22. Izquierdo's letter asked counsel to raise issues regarding, 1) drug quantity used at sentencing and 2) sufficiency of the evidence. On appeal, counsel raised issues regarding the search of the truck and cell phones. Counsel's affidavit states that he reviewed the issues Izquierdo suggested and concluded they would be unlikely to be successful on appeal. He informed Izquierdo of his professional opinion during a telephone call. D.E. 149.

    a. Relevant conduct

The PSR calculated Izquierdo's base offense using the drugs seized on March 10, 2011, and including the drugs shown in the photograph taken by Izquierdo's co-defendant on March 3, 2011, as relevant conduct. *See* D.E. 49, ¶ 14. Izquierdo's base offense level was increased by four levels by the inclusion of the earlier load.

Relevant conduct is included in the offense level pursuant to the Sentencing Guideline Manual § 1B1.3. The Commentary regarding contraband also states, "the defendant is responsible for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of

contraband that were within the scope of the criminal activity that he jointly undertook." *Id.*, application note 2(B).

    The Fifth Circuit has affirmed the use of relevant conduct at sentencing.

> A defendant convicted of a drug offense is sentenced based on the amount of drugs involved in the offense. In calculating a defendant's base offense level, the district court may consider other offenses in addition to the acts underlying the offense of conviction, as long as those offenses constitute relevant conduct as defined in the Guidelines. As we have recognized, *the base offense level can reflect quantities of drugs not specified in the count of conviction if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction. The defendant need not have been convicted of, or even charged with, the other offenses for them to be considered* relevant conduct for sentencing purposes. In drug distribution cases, we have broadly defined what constitutes the same course of conduct or common scheme or plan.

*United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009) (internal citations and quotations omitted) (emphasis added); *see also United States v. Hinojosa*, 749 F.3d 407, 414-15 (5th Cir. 2014) (affirming sentence involving substantial relevant conduct).

    The marijuana shown in the photograph was delivered a week before Izquierdo's arrest using Izquierdo's tractor-trailer. Both Izquierdo and Rodriguez drove the truck on March 3, 2011, and the marijuana photographed was packaged in the same manner and stored in the cab of the same tractor in the same manner as the marijuana seized on March 10. After the jury found Izquierdo and his co-defendant conspired and aided and abetted each other to possess with intent to distribute marijuana, the Court could find that the same conduct a week before was part and parcel of the same conspiracy and that Izquierdo was

10

directly involved. *See Rhine*, 583 F.3d at 885. The Court's use of relevant conduct is supported by the sentencing guidelines and Fifth Circuit precedent.

Generally, appellate counsel is ineffective only when the omitted issues are clearly stronger than those presented. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Izquierdo cannot demonstrate any likelihood that the Fifth Circuit would have reversed his sentence on a challenge to the use of relevant conduct in this case.

### b. Sufficiency of the evidence

Izquierdo requested appellate counsel raise sufficiency of the evidence on appeal. Appellate counsel reviewed the issue and decided not to raise it. D.E. 149. During trial, Izquierdo disclaimed knowledge of the hidden drugs.

"A jury may infer the elements of a conspiracy conviction from circumstantial evidence: An agreement to violate narcotics laws may be inferred from concert of action. Knowledge of the conspiracy may be inferred from a collection of circumstances." *United States v. Leal*, 74 F.3d 600, 606 (5th Cir. 1996) (quotations and citations omitted). In addition, "[a]lthough mere presence at the scene of the crime or close association with a coconspirator will not support an inference of participation in a conspiracy, a defendant's voluntary participation may be inferred from a development and a collocation of circumstances." *United States v. Vergara*, 687 F.2d 57, 61 (5th Cir. 1982) (quotations and citations omitted). Furthermore, circumstantial knowledge of the possession of the contraband includes "the following types of behavior: nervousness, refusal or reluctance to answer questions, inconsistent statements, and obvious or remarkable alterations to the vehicle. The high value of concealed narcotics can also support knowledge." *United States*

*v. Vasquez*, 677 F.3d 685, 694 (5th Cir. 2012); *United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003).

Appellate counsel outlined the reasons he considered a sufficiency of the evidence challenge to be weak. Circumstantial evidence of guilty knowledge according to appellate counsel included Izquierdo's circuitous route compared to the destinations on his bill of lading, his joint control of the truck for more than a week with Rodriguez, inconsistency between the testimony of Rodriguez and Izquierdo at trial, odd text messages from "Juan," and photographs of the marijuana from the previous week. D.E. 149. A number of cases have found similar kinds of evidence sufficient to support conspiracy and guilty knowledge. *See United States v. Sanchez*, 432 Fed. App'x. 371 (5th Cir. July 13, 2011) (per curiam) (designated unpublished) (per curiam) (designated unpublished); *United States v. Garcia-Gracia*, 324 Fed. App'x. 286 (5th Cir. Mar. 30, 2009) (per curiam) (designated unpublished);[2] *United States v. Gutierrez-Farias*, 294 F.3d 657 (5th Cir. 2002) (marijuana

---

[2] Garcia was in control of the vehicle containing the cocaine at the time the car was stopped. Generally, a jury may infer a defendant knows about the presence of drugs if she exercises control over a vehicle containing controlled substances. *See United States v. Resio–Trejo*, 45 F.3d 907, 911 (5th Cir. 1995). However, when drugs are hidden in a vehicle, control of the vehicle alone is insufficient to prove knowledge. *United States v. Gonzalez–Lira*, 936 F.2d 184, 192 (5th Cir. 1991). Because of the possibility that a defendant may be an unwitting carrier, "this court has normally required additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." *Resio–Trejo*, 45 F.3d at 911 (quoting *United States v. Anchondo–Sandoval*, 910 F.2d 1234, 1236 (5th Cir. 1990)). Circumstantial evidence of guilty knowledge may include inconsistent statements, implausible explanations, possession of a large sum of money, and obvious or remarkable alterations to

hidden in tires on flat bed truck); *compare with United States v. Rosas-Fuentes*, 970 F.2d 1379 (5th Cir. 1992) (reversing conviction and rendering judgment of acquittal).

In *Rosas-Fuentes*, the driver and passenger were charged with conspiracy to possess and possession with intent to distribute more than 20 kilograms of marijuana. The Fifth Circuit determined that the links between Rosas-Fuentes, the passenger, and the drugs hidden in the vehicle were too weak to support a finding of conspiracy. The passenger in that case had no connection to the driver or the vehicle. The driver was only giving the passenger a ride. In contrast, Izquierdo leased the truck and had shared possession of it for over a week before he and Rodriguez were arrested. The evidence against Rosas-Fuentes consisted solely of his demeanor and nervousness, his strange explanation about the purpose of the trip, and finally his conversation with the agent in which Rosas-Fuentes asked the agent if he found something, in the truck. The agent responded, "Well, you tell me." Rosas-Fuentes responded, "Well, yes." *Id*. at 1381. "The district court found that Rosas' statement showed that he knew that a controlled substance was in the tank. However, we do not agree that this statement proves knowledge of the marijuana. It could have been just as reasonable to infer from this

---

> a vehicle. *United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998) (citations omitted).
> "Perhaps the strongest evidence of a criminal defendant's guilty knowledge is inconsistent statements to federal officials." *United States v. Diaz–Carreon*, 915 F.2d 951, 954–55 (5th Cir. 1990). "Inconsistent statements are inherently suspicious; a factfinder could reasonably conclude that they mask an underlying consciousness of guilt." *Id*. at 955.

*Id*. at 290.

13

statement that Rosas was admitting the obvious, that the agents must have found something or else they would not have arrested them." *Id*. at 1382.

The present case demonstrates that Izquierdo leased the truck, he and Rodriguez were business partners, both men drove the truck, there were substantial alterations to the truck headliner that were visible, and their explanations at trial for their conduct were inconsistent. Izquierdo has not demonstrated that counsel's professional assessment was unreasonable or that the Fifth Circuit would have been likely to reverse had it considered sufficiency of the evidence.

### E.     Insufficient Evidence of Conspiracy

Sufficiency of the evidence is an issue that must be raised on direct appeal and is not cognizable on a collateral motion under § 2255. *See Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972); *Mendoza v. United States*, 365 F.2d 268, 272 (5th Cir. 1966).

### F.     Constructive Amendment of the Indictment

Izquierdo claims that indictment was constructively amended by inclusion of the March 3, 2011, allegations in the jury instructions. The jury instructions and verdict form do not mention the March 3 trip and therefore, do not constructively amend the indictment.

### G.     The Drug Amount Was Incorrectly Calculated at Sentencing

Izquierdo claims that this Court misinterpreted the sentencing guidelines and incorrectly calculated the drug quantity used to calculate his guideline range. "A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994);

*United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). Accordingly, this Court does not consider this claim.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Izquierdo has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it

15

debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Izquierdo is not entitled to a COA on any of his claims. Reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones,* 287 F.3d at 329.

### VI. CONCLUSION

For the foregoing reasons, Izquierdo's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 135) is DENIED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts. He is also denied a Certificate of Appealability.

SIGNED and ORDERED this 31st day of August, 2015.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE